**IN THE UNITED STATES DISTRICT COURT**
**FOR THE FOR THE WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

| | |
|---|---|
| BASSETT TRANSPORTATION, INC., K.P. EQUIPMENT COMPANY, And MCKINLEY TRUCKING CO., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND,<br><br>Defendant. | CIVIL DIVISION<br><br>CASE NO.: 26-2039 |

# <u>COMPLAINT</u>

Plaintiffs, BASSETT TRANSPORTATION, INC. ("Bassett Transportation"), K.P. EQUIPMENT COMPANY (K.P.) and MCKINLEY TRUCKING CO., INC. ("McKinley Trucking") (collectively, "Plaintiffs") through their undersigned counsel, and for their Complaint against Defendant CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, states as follows:

## INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), as amended by the Multiemployer Pension Plan Amendment Act (the "Plan") 1980, 29 U.S.C. § 1001 *et seq.*, to modify and/or vacate the July 9, 2026, arbitration award (the "Award") issued by Arbitrator Norman Brand in *Bassett Transportation, Inc. and McKinley Trucking Co., Inc., v. Central States, Southeast and Southwest Areas Pension Fund*, AAA Case No. 01-18-0001-1608 (the "Arbitration").

2. The Arbitrator incorrectly concluded that a principal purpose of an ownership transfer on November 1, 2010, was to evade or avoid withdrawal liability.

3. In this action, Plaintiffs seek an order vacating the Award and annulling the imposition of withdrawal liability against K.P. and McKinley.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 29 U.S.C. §§ 1401(b)(2) and 29 U.S.C. §§ 1451(c).

5. Venue is proper in this Court pursuant to 29 U.S.C. § 1451(d) in that K.P. and McKinley formerly resided and did business within this District.

## PARTIES

6. Bassett Transportation is a dissolved Michigan corporation with its principal place of business formerly located in Dearborn, Michigan.

7. K.P. is a dissolved Michigan corporation with its principal place of business formerly located in Mount Pleasant, Michigan

8. McKinley Trucking is a dissolved Michigan corporation with its principal place of business formerly located in Carson City, Michigan.

9. Central States, Southeast and Southwest Areas Pension Fund ("Defendant" or "The Fund") is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1302(a)(3).

## FACTUAL BACKGROUND

10. On May 27, 2017, Bassett Transportation withdrew from the Fund.

11. On August 18, 2017, the Fund issued a Notice and Demand for Withdrawal Liability against Bassett Transportation and "any

controlled group of trades or businesses, as defined in Section 414(c) of the Internal Revenue Code… .” *See* Notice and Demand for Withdrawal Liability attached as **Exhibit 1**.

12. On March 14, 2018, Bassett and McKinley initiated arbitration pursuant to 29 U.S.C. § 1401(a)(1).

13. Thereafter, in accordance with the American Arbitration Association’s Multiemployer Pension Plan Arbitration Rules, the parties agreed to appoint Norman Brand to serve as the impartial arbitrator of the parties’ disputes.

14. The parties subsequently submitted cross-motions for summary judgment and response briefs to Arbitrator Brand.

15. On November 22, 2025, Arbitrator Brand issued a ruling regarding the parties’ cross-motions (hereinafter the November 22, 2025 Summary Judgment Ruling shall be referred to as the “Ruling”) attached hereto as **Exhibit 2**.

16. In the Ruling, Arbitrator Brand entered the following conclusions:

a. Summary Judgment is denied to [Plaintiffs].

b. Summary Judgment is granted to [Defendant].

c. The November 1, 2010, transfer of 50% of the stock of Bassett Transportation, Inc. from the Philip McKinley Trust to the Krista McKinley Trust and Kelly Boatman had as a principal purpose to evade or avoid liability under ERISA § 4200, *et seq*.

d. ERISA § 4212(c) shall be applied (and liability shall be determined and collected) without regard to that transaction.

17. On July 9, 2026, Arbitrator Brand issued the Award concluding the Arbitration. *See* the Award attached hereto as **Exhibit 3**.

18. Conclusions of law made in a withdrawal liability arbitration may be vacated or modified by a federal court under a de novo standard of review.

19. The conclusions of law made by Arbitrator Brand in issuing the Ruling in which he determined that "The November 1, 2010, transfer of 50% of the stock of Bassett Transportation, Inc. from the Philip McKinley Trust to the Krista McKinley Trust and Kelly Boatman had has a principal purpose to evade or avoid liability under ERISA § 4200,"

were erroneous as a matter of law and the Ruling should be vacated or modified in that regard.

20. The conclusions of law made by Arbitrator Brand in issuing the Ruling in which he determined that "ERISA § 4212(c) shall be applied (and liability shall be determined and collected) without regard to that transaction," were erroneous as a matter of law and the Ruling should be vacated or modified in that regard.

21. Plaintiffs have the right to petition this Court to vacate and/or modify the Ruling and/or the Award pursuant to 29 U.S.C. § 1401(b)(2).

WHEREFORE, Plaintiffs, BASSETT TRANSPORTATION, INC., K.P. EQUIPMENT COMPANY and MCKINLEY TRUCKING CO., INC. respectfully request this Court grant judgment in their favor and against Defendant, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, in which this Court:

a) Modifies and vacates the November 22, 2025 Summary Judgment Ruling and Arbitration Award, finding Plaintiffs are not liable for any Withdrawal Liability;

b) Modifies and vacates the November 22, 2025 Summary Judgment Ruling and Arbitration Award finding the aforementioned November 1, 2010, transfer did not have a principal purpose to evade or avoid withdrawal liability;

c) Awards Plaintiffs their reasonable costs and attorney's fees as permitted under 29 U.S.C. § 1451(e); and

d) Awards any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**

By: */s/ Andrew F. Marquis*
Andrew F. Marquis (P82641)
100 West Big Beaver, Suite 200
Troy, MI 48084
Telephone: (313) 237-7400
amarquis@scopelitis.com

Donald J. Vogel (*pro hac pending*)
Sara L. Pettinger (*pro hac pending*)
Donald R. Devitt (*pro hac pending*)
30 West Monroe Street, Suite 1600
Chicago, IL 60603
dvogel@scopelitis.com
spettinger@scopelitis.com
drdevitt @scopelitis.com
Telephone: (312) 255-7200

*Counsel for Plaintiffs*